J-S48032-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL THOMAS SCHWARTZ | : | |
| | : | |
| Appellant | : | No. 1548 EDA 2024 |

Appeal from the Order Entered May 21, 2024
In the Court of Common Pleas of Wayne County Criminal Division at
No(s):  CP-64-CR-0000336-2016

BEFORE:  STABILE, J., NICHOLS, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED FEBRUARY 20, 2025**

Appellant, Michael Thomas Schwartz, appeals from the post-conviction court's May 21, 2024 order denying his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Appellant raises a single claim of trial counsel's ineffectiveness.  After careful review, we affirm.

The facts of Appellant's underlying convictions are not pertinent to the issue he raises on appeal.  Procedurally, Appellant was charged in 2016 with various sexual offenses, including involuntary deviate sexual intercourse and rape of a child.  His wife was also charged with related offenses, and their two cases were consolidated.  Both Appellant and his wife were represented at trial by Nefertiti C. Jordan, Esq.

Prior to trial, Attorney Jordan filed an omnibus pretrial motion seeking, *inter alia*, a change of venue due to "the fact that two local newspapers published articles in August and September [of] 2016 containing information

derived from official police reports." PCRA Court Opinion and Order (PCOO), 5/21/24, at 2. The trial judge, the Honorable Raymond L. Hamill, Senior Judge of the Court of Common Pleas of Wayne County, conducted a hearing on December 30, 2016. Because Wayne County only had one judge at that time, "[a]t the hearing, Senior Judge Hamill asked Attorney Jordan if she was asking him to recuse, and Attorney Jordan responded, 'Not exactly, Your Honor. We are actually asking for a change of venue.'" *Id.* (citing N.T. Hearing, 12/30/16, at 9). Later at the hearing, the recusal issue was addressed again after Senior Judge Hamill acknowledged that, "we all know that I know your clients[,]" and asked Attorney Jordan if she wished to speak to her clients about whether they wanted him "to preside in the case[.]" *Id.* (citing N.T. Hearing at 34, 35). The court then recessed for approximately ten minutes, during which Attorney Jordan conferred with Appellant and his wife. Once the proceeding resumed, Attorney Jordan informed the court that "if the venue remains here, we are not asking you to recuse yourself." *Id.* (citing N.T. Hearing at 37).

On January 27, 2017, the court issued an order denying Appellant's motion for a change of venue. The case proceeded to a bifurcated non-jury trial before Senior Judge Hamill on June 21st and July 17th of 2017. At the close of the trial, Senior Judge Hamill found Appellant and his wife guilty on all charges. On October 5, 2017, Appellant was sentenced to an aggregate term of 149 to 540 months' incarceration, and his wife received an aggregate term of 144 to 480 months' incarceration. Appellant filed a direct appeal, and

this Court affirmed his judgment of sentence on February 22, 2019. *See Commonwealth v. Schwartz*, 209 A.3d 1087 (Pa. Super. 2019) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

Instead, on August 1, 2019, Appellant filed a *pro se* PCRA petition. After procedural complications not relevant herein, Appellant's current counsel, Justin Pfaff, Esq., was appointed and filed an amended petition on March 4, 2024. Therein, counsel solely alleged that Attorney Jordan was ineffective for failing to request the recusal of Senior Judge Hamill, where her failure to do so resulted in a conflict of interest between Appellant and his wife. On May 10, 2014, the court held a PCRA hearing, at which Appellant and his mother testified. In his testimony, Appellant claimed that he wanted Senior Judge Hamill to recuse, and that he expressed this wish to Attorney Jordan. Appellant's mother also testified that Appellant wanted to seek the recusal of the judge. According to Appellant, his wife did not want to request recusal, and Attorney Jordan followed his wife's wishes, which constituted ineffective assistance of counsel.

On May 21, 2024, the PCRA court issued an order and opinion denying Appellant's PCRA petition. Appellant filed a timely notice of appeal, and he complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The PCRA court thereafter filed a Rule 1925(a) opinion stating it was relying on the rationale set forth in its May 21, 2024 opinion and order.

Herein, Appellant states two issues in the "Statement of Questions Involved" section of his brief, but he only provides discussion for one of those issues in his "Argument" section. *See* Appellant's Brief at 4, 16. Thus, we only address the following, single issue for which Appellant presents an argument: "Appellant was prejudiced in his criminal case where trial counsel failed to adequately address a conflict of interest between Appellant and his co-defendant/wife regarding the issue of recusal." *Id.* at 16.

"This Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Morales*, 701 A.2d 516, 520 (Pa. 1997) (citing *Commonwealth v. Travaglia*, 661 A.2d 352, 356 n.4 (Pa. 1995)). Where, as here, a petitioner claims that he received ineffective assistance of counsel, our Supreme Court has stated that:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner. To obtain relief, a petitioner must demonstrate that counsel's performance was deficient and that the deficiency prejudiced the petitioner. A petitioner establishes prejudice when he demonstrates "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." … [A] properly pled claim of ineffectiveness posits that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective

- 4 -

reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission.

***Commonwealth v. Johnson***, 966 A.2d 523, 532-33 (Pa. 2009) (citations omitted).

In the case *sub judice*, Appellant contends that Attorney Jordan was ineffective for failing to request the recusal of Senior Judge Hamill when Appellant asked her to do so. According to Appellant, "he sought recusal of the trial judge[,] but … his wife/co-defendant did not desire to seek recusal." Appellant's Brief at 20. Appellant insists that his position seeking recusal "did not waiver" and "he was steadfast in his request for recusal." ***Id.*** Nevertheless, Attorney Jordan "represented [to the court] that her clients were not seeking recusal, which was not in fact true. In this moment, the interests of her two clients diverged with respect to a material legal issue and course of action, creating an actual conflict of interest, and the presumption of prejudice." ***Id.*** Appellant concludes that,

> [u]pon discovery of the irreconcilable conflict, … Appellant's trial counsel should have (a) alerted the trial judge of the conflict; and (b) sought recusal from … Appellant's case. Failure to do so left an irreconcilable conflict unaddressed, and prejudiced … Appellant. This prejudice, in not being able to raise the issue of recusal, is particularly salient here where the parties waived their right to a jury trial and the judge that … Appellant requested be recused presided over the entirety of his criminal trial. Accordingly, counsel's error harmed Appellant, and it is respectfully requested that his sentence be vacated and the matter be remanded for a new trial.

***Id.*** at 21.

Appellant's ineffectiveness claim is unconvincing. First, we conclude that Appellant has failed to establish that counsel had no reasonable basis for failing to seek recusal. Notably, Appellant did not present the testimony of Attorney Jordan at the PCRA hearing and, thus, we have no explanation by counsel for her decision not to seek the recusal of Senior Judge Hamill. Appellant also provides no discussion on appeal of why counsel could have had no reasonable basis for her decision. Thus, he has not demonstrated the second prong for proving counsel's ineffectiveness.

Second, Appellant has failed to prove he was prejudiced by Attorney Jordan's decision not to ask Senior Judge Hamill to recuse. As the PCRA court observes,

> [r]ecusal is required only if substantial doubt as to the judge's ability to preside impartially has been demonstrated. [*See*] *Com[monwealth] v. Reyes*, 870 A.2d 888, 897 (Pa. 2005) (holding that trial counsel was not ineffective in failing to seek recusal of the judge who had decided [the] defendant's motion to suppress and[,] thus[,] had been exposed to all of [the] defendant's incriminating statements prior to the [non-jury] trial)).[1] [Appellant] testified at the May 10, 2024 hearing that he felt [Senior] Judge Hamill could not be fair due to having previously heard other cases involving the parties. However, there was no evidence presented that suggested "substantial doubt" as to [Senior] Judge Hamill's ability to preside over [Appellant's] trial in an impartial manner. *See id.*

---

1 *See also Commonwealth v. White*, 910 A.2d 648, 657 (Pa. 2006) ("It is the burden of the party requesting recusal to produce evidence establishing bias, prejudice or unfairness which raises a substantial doubt as to the jurist's ability to preside impartially.") (quoting *Commonwealth v. Abu-Jamal*, 720 A.2d 79, 89 (Pa. 1998)).

PCOO at 4. We agree with the PCRA court. Because there is no evidence to demonstrate that recusal was warranted, Appellant has failed to establish that Attorney Jordan's failure to request Senior Judge Hamill's recusal caused him prejudice.

We also reject Appellant's cursory claim that Attorney Jordan's failure to seek Senior Judge Hamill's recusal "created harm with regard to … Appellant's defense at trial, and whether his attorney could continue representing his interests. … Appellant was no longer able to fully participate in his legal action, and his requests were nullified and replaced by those of his counsel and co-[defendant]/wife." Appellant's Brief at 20-21. Because Appellant fails to meaningfully develop any discussion of exactly **how** his defense was hindered, or he was denied a fair trial, due to Senior Judge Hamill's presiding, he has not demonstrated that he was prejudiced by Attorney Jordan's failure to seek the recusal of Senior Judge Hamill.

Finally, we reject Appellant's argument that we must presume he was prejudiced because "an actual conflict of interest" was created when he and his wife differed in their opinions on seeking Senior Judge Hamill's recusal. *Id.* at 20. Our Supreme Court has directed that, "[t]o show an actual conflict of interest, the appellant must demonstrate that: (1) counsel 'actively represented conflicting interests'; and (2) those conflicting interests 'adversely affected his lawyer's performance.'" **Commonwealth v. Collins**, 957 A.2d 237, 251 (Pa. 2008) (citations omitted). Here, Appellant offers no explanation for how Attorney Jordan's performance was adversely affected by

the alleged conflict. Thus, this prejudice claim fails, as well, and Appellant has not established the third prong for proving ineffectiveness.

In sum, Appellant has not demonstrated that Attorney Jordan acted ineffectively. Therefore, the PCRA court did not err in denying his petition for relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/20/2025